UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY DAVIS,

    Plaintiff,

v.                                  Case No. 8:17-cv-76-T-30JSS

L.S.M. BEACH INC.,
SHEILA LEAGAS, individually, and
LEE LEAGAS, individually.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KIMBERLY DAVIS ("Plaintiff"), hereby sues Defendants, L.S.M. BEACH INC., SHEILA LEAGAS, individually and LEE LEAGAS, individually ("Defendants") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Defendant, L.S.M. BEACH INC, is a Florida Profit Corporation authorized and doing business in this Judicial District.

4. Defendant, L.S.M. BEACH INC. is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

5. Defendant, SHEILA LEAGAS, was/is a corporate officer/director of Defendant, L.S.M. BEACH INC., with operational control and direct control over the day-to-day operations, including compensation of employees and is therefore an employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

6. Defendant, LEE LEAGAS, was/is a corporate officer/director of Defendant, L.S.M. BEACH INC., with operational control and direct control over the day-to-day operations, including compensation of employees and is therefore an employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

7. Defendants own and operate Cimy's Motel, located at 1379 Gulf to Bay Boulevard in Clearwater, Florida. Additionally, Defendants own and operate D & F Pathways Motel-Cafe in Largo, Florida and Sunbeam Motel in Largo, Florida.

8. Plaintiff is an adult and a resident of Pinellas County, Florida.

9. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

10. At all times material, Defendants willfully violated the Fair Labor Standards Act.

11. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

13. On or about April 7, 2007, Plaintiff began her employment with Defendants as a Motel Manager. Despite her job title, Plaintiff did not manager or otherwise supervise any employees of Defendants. Plaintiff primarily worked at Defendants' Cimy's Motel location in Clearwater, Florida.

14. At all times material, Plaintiff resided at Defendants' Cimy's Motel. Plaintiff paid Defendants approximately $100.00 per month ($25.00 per week) for her lodging at Cimy's Motel.

15. Plaintiff's job duties included, but were not limited to: accepting and processing rent from tenants, cleaning and servicing guest/tenant rooms, cleaning the exterior of the property (windows, hallways, sidewalks), laundry, general maintenance, pool maintenance, fixing toilets, unlocking doors, painting, pest control, and addressing tenant-related issues with the Clearwater Police Department. Plaintiff also utilized her personal vehicle to travel to and purchase supplies for Defendants, including, but not limited to: pool supplies, cleaning supplies, mini blinds, and plastic wraps for beds.

16. Plaintiff was scheduled to work 66 hours per work week for Defendants. Specifically, Plaintiff was expected to work from 9am to 8pm, Monday through Saturday.

17. During her scheduled work hours, Defendants required Plaintiff to be in the office or to sit outside of the office. If Plaintiff wanted to take a break and leave the premises, she had to obtain permission from Defendant Sheila Leagas.

18. Plaintiff was on-call twenty-four (24) hours per day, seven (7) days per week. During her on-call hours, Plaintiff was required to be available to respond to Defendants, answer phones, assist guests and tenants, and address any other emergency-related issues that arose on the property. Plaintiff had a monitor in her room and also had to answer the bell connected to her room if something was needed outside of her work hours. Defendants did not compensate Plaintiff at a rate of time and one-half her regular rate of pay, or the statutory minimum wage, for the work performed while Plaintiff was on-call.

19. Plaintiff was paid $226.25 per week, less $25.00 for her lodging.

20. On February 11, 2016, counsel for Plaintiff sent a demand letter to Defendants via certified U.S. Mail, outlining Plaintiff's legal claims under the Fair Labor Standards Act.

21. On or about February 19, 2016, Defendants called a meeting with Plaintiff and accused Plaintiff of embezzling/stealing money from Defendants. Defendants threatened Plaintiff and told her that they would put a lien on her car and trailer and prosecute Plaintiff "to the fullest the law will allow." Defendants further told Plaintiff that she must drop her employment case or they would proceed with the aforementioned threats. Thereafter, Defendants' counsel echoed the threats made by Defendants.

22. On or about March 4, 2016, Plaintiff was terminated from her employment with Defendants.

**COUNT I**
**FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)**

23. Plaintiff, KIMBERLY DAVIS, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

24. Defendants, L.S.M. BEACH INC., SHEILA LEAGAS, individually, and LEE LEAGAS, individually, are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

25. Defendant, L.S.M. BEACH, INC., is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

26. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of her job with Defendants. 29 U.S.C. §207(a)(1).

27. Throughout her employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

28. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

29. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

30. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. § 207.

31. Defendants knew or had reason to know that Plaintiff performed work outside of her regular schedule and therefore worked in excess of forty (40) hours per work week.

32. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

33. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

34. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, KIMBERLY DAVIS respectfully requests that judgment be entered in her favor against Defendants, L.S.M. BEACH INC, SHEILA LEAGAS, individually, and LEE LEAGAS, individually:

    a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding prejudgment interest;

d.  Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.  Determining that the FLSA was violated and an adjudication on the merits of the case;

f.  Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT (UNPAID MINIMUM WAGES)

36. Plaintiff, KIMBERLY DAVIS, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

37. Defendants, L.S.M. BEACH INC., SHEILA LEAGAS, individually, and LEE LEAGAS, individually, are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

38. Defendant, L.S.M. BEACH, INC., is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

39. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of her job with Defendants. 29 U.S.C. §207(a)(1).

40. Plaintiff was entitled to be paid the full minimum wage for all hours worked during her employment with Defendants.

41. Plaintiff was entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during her employment with Defendants pursuant to 29 C.F.R. §778.5.

42. Defendants failed to pay Plaintiff the applicable statutory Florida minimum wage.

43. As a result, Defendants violated the Fair Labor Standards Act's provision on minimum wages.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

45. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay her proper minimum wages during every work week, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

46. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants;

    a. Awarding Plaintiff her unpaid minimum wages as allowable under the FLSA statute of limitations period;

    b. Awarding liquidated damages in an amount equal to the minimum wage award;

    c. Awarding prejudgment interest;

    d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case; and

f. Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

48. Plaintiff, KIMBERLY DAVIS, demands a trial by jury.

Dated this 10th day of January, 2017.

        **BOUZAS OWENS, P.A.**

        */s/ Gregory A. Owens*
        **GREGORY A. OWENS, ESQUIRE**
        Florida Bar No.: 51366
        greg@bouzasowens.com
        **MIGUEL BOUZAS, ESQUIRE**
        Florida Bar No.: 48943
        miguel@bouzasowens.com
        2154 Duck Slough Blvd.
        Suite 101
        Trinity, Florida 34655
        (727) 254-5255
        (727) 483-7942 (fax)
        *Trial Attorneys for Plaintiff*